IN THE UNITED STATES DISTRICT COURT

FILED
U.S. DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA 2008 MAY 19 PM 12: 43

DUBLIN DIVISION

CLERK _L. Fundow_
SO. DIST. OF GA.

FRANKLIN MONTILLA,          )
                           )
            Plaintiff,     )
                           )
    v.                     )    CV  308-026
                           )
CONNIE BARE, Contracting Officer;  )
DAMON HININGER, Vice President CCA;  )
and WALT WELLS, Warden, CCA,  )
                           )
            Defendants.    )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff was an inmate detained at McRae Correctional Facility in McRae, Georgia,

at the time he filed the instant civil rights complaint. He is *pro se* and is currently proceeding

*in forma pauperis*. On March 21, 2008, the Court directed Plaintiff to return his Prisoner

Trust Fund Account Statement and Consent to Collection of Fees form within thirty (30)

days, cautioning him that failure to respond could result in the dismissal of this case. (Doc.

no. 4). Although Plaintiff submitted his Consent to Collection of Fees and Prison Trust

Account Statement, he also requested, in the same filing, that the Court reconsider its Order

directing him to pay the filing fee. (Doc. no. 5). Specifically, Plaintiff "declare[d] his real

poverty because he is unable to pay the cost" reflected in the Court's March 21st Order. (Id.

at 2). As such, Plaintiff asserted that he should be exonerated from paying any initial partial

filing fee of 20%. (Id. at 1). In light of Plaintiff's motion for reconsideration, it was unclear

whether Plaintiff intended to proceed with the above-captioned case. Thus, in an abundance of caution the Court instructed Plaintiff to inform the Court within ten (10) days of the date of its April 23, 2008 Order, whether he intended to proceed with the above-captioned case. (Doc. no. 7). Finally, the Court instructed Plaintiff that if no response was received from him, the Court would presume that he intended to go forward with his case.

Although the time to respond to the Court's April 23rd Order has expired without a response from Plaintiff, the Court notes that Plaintiff's service copy of the Court's Order was returned and marked "Undeliverable." Thus, Plaintiff has failed to notify the Court of a change of address. Plaintiff's failure to provide the Court with an address where he can be reached has the effect of saddling the Court with a stagnant case.

The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

2

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to provide the Court with a valid address amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff is proceeding *in forma pauperis*, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 19 th day of May, 2008, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3